UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

STATE OF TEXAS, STATE OF
LOUISIANA, STATE OF UTAH,
STATE OF WEST VIRGINIA,

      *Petitioners*,

      v.

SECURITIES AND EXCHANGE
COMMISSION,

      *Respondent*.

No. 23-60079

**OPPOSED MOTION TO TRANSFER PETITION FOR REVIEW,
OR IN THE ALTERNATIVE TO DISMISS IN PART,
AND UNOPPOSED MOTION TO STAY BRIEFING SCHEDULE**

MEGAN BARBERO
General Counsel

MICHAEL A. CONLEY
Solicitor

TRACEY A. HARDIN
Assistant General Counsel

DANIEL STAROSELSKY
Senior Appellate Counsel

JOHN R. RADY
Appellate Counsel

Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549
(202) 551-4997 (Rady)
radyjo@sec.gov

## <u>CERTIFICATE OF INTERESTED PERSONS</u>

State of Texas et al. v. SEC, No. 23-60079

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case.  These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1. The Securities and Exchange Commission is a federal agency.

2. The States of Texas, Louisiana, Utah, and West Virginia.

3. Megan Barbero, Michael A. Conley, Tracey A. Hardin, Daniel Staroselsky, and John R. Rady—*Counsel for Respondent Securities and Exchange Commission.*

4. Ken Paxton, Brent Webster, Judd E. Stone II, Leif A. Olson, Joseph Mazzara, and Monroe David Bryant Jr.—*Counsel for Petitioner State of Texas.*

5. Jeff Landry and Elizabeth B. Murrill—*Counsel for Petitioner State of Louisiana.*

6. Sean Reyes and Melissa Holyoak—*Counsel for Petitioner State of Utah.*

7. Patrick Morrisey, Lindsay See, and Michael R. Williams—*Counsel for Petitioner State of West Virginia.*

/s/ John R. Rady

*Attorney of Record for Respondent Securities and Exchange Commission*

Respondent Securities and Exchange Commission respectfully requests that this Court transfer this petition for review to the District of Columbia Circuit or, in the alternative, dismiss the State of Utah and the State of West Virginia as petitioners.  The relevant statutory review provisions require each petitioner to reside or have its principal place of business in this Circuit.  But only the State of Texas and the State of Louisiana satisfy this requirement.  This Court may cure this venue defect by transferring the case to the District of Columbia Circuit—where venue is proper for each of the parties—or by dismissing the State of Utah and the State of West Virginia as petitioners.  The Commission further requests that this Court stay the merits briefing schedule pending resolution of this motion.

The petitioners oppose transferring the petition and dismissing Utah and West Virginia as petitioners, and they intend to file a response.  The petitioners <u>do not</u> oppose staying the merits briefing schedule pending resolution of this motion's request that the Court transfer or dismiss this case.

## **BACKGROUND**

This petition for review concerns a final rule amending Commission Form N-PX.  *Enhanced Reporting of Proxy Votes by Registered Management Investment Companies; Reporting of Executive Compensation Votes by Institutional Investment Managers*, Investment Company Act Release No. 34745, 87 Fed. Reg. 78770 (Dec. 22, 2022) (the "Rule").  The Rule governs how mutual funds,

exchange-traded funds, and certain other funds disclose how they vote proxies

relating to securities that they hold.  The Rule also implements the mandate in

section 951 of the Dodd-Frank Wall Street Reform and Consumer Protection Act,

15 U.S.C. 78n-1(d), to require certain institutional investment managers to

annually report on Form N-PX how they voted proxies relating to shareholder

advisory votes on executive compensation.  The Rule was adopted by the

Commission on November 2, 2022, *see* 87 Fed. Reg. at 78811, and published in

the Federal Register on December 22, 2022.

On February 21, 2023, petitioners Texas, Louisiana, Utah, and West

Virginia filed a joint petition for review in this Court seeking to set aside the Rule.

Pet. for Review 1.  Petitioners contend that venue is proper in this Court under

Section 25(b)(1) of the Securities Exchange Act of 1934, 15 U.S.C. 78y(b)(1),

because "one or more" of the petitioners reside or have their principal place of

business within this Circuit.  *Id.*

## **ARGUMENT**

The plain language of the relevant provisions of the federal securities laws

direct courts to examine venue on a petitioner-by-petitioner basis.  Because neither

Utah nor West Virginia resides or has its principal place of business in this Circuit,

venue is appropriate in this Court only for Texas and Louisiana.  Under these

statutes, a joint petition for review by all of the petitioners could have been filed in

2

the D.C. Circuit.  Alternatively, Congress has established procedures for

consolidation of multiple petitions properly filed in different courts to be heard

before a single court of appeals.  28 U.S.C. 2112.  But Utah and West Virginia did

not seek to avail themselves of those procedures.  They cannot circumvent the

congressional design by filing a joint petition with Texas and Louisiana in this

Court.

    To facilitate the resolution of the challenges brought by each petitioner, this

Court should transfer the case to the D.C. Circuit, where Congress has determined

that venue is appropriate for each of them.  In the alternative, this Court should

dismiss Utah and West Virginia as petitioners from this case.

**A.    Venue in this Court is improper for Utah and West Virginia.**

**    1.    *Congress directed courts to address venue on a petitioner-by-
        petitioner basis.***

    The petitioners challenge a rule that the Commission adopted pursuant to

authority in the Securities Act of 1933, Securities Exchange Act of 1934,

Investment Company Act of 1940, and the Investment Advisers Act of 1940.  *See*

87 Fed. Reg. at 78807 ("Statutory Authority").  While the petitioners cite 15

U.S.C. 78y(b)(1) as the basis for jurisdiction, Pet. for Review 1, that section

provides for review of Commission rules adopted only under specific sections of

the Exchange Act—none of which provided a basis for the rule at issue here.

*Compare* 15 U.S.C. 78y(b)(1), *with* 87 Fed. Reg. at 78807.

3

The sections of the Securities Act, Investment Company Act, and
Investment Advisers Act governing court review of Commission rulemaking that
apply in this case require that a "person or party" (or in the case of the Securities
Act, a "person") aggrieved by a Commission order[1] seek review in a circuit where
they "reside[]" or have their "principal place of business" (or in the case of the
Investment Advisers Act, "reside[]" or have their "principal office or place of
business"), or the United States Court of Appeals for the District of Columbia. 15
U.S.C. 77i(a), 80a-42(a), 80b-13(a). The Securities Act defines "person" to mean,
as is relevant here, a "government." 15 U.S.C. 77b(a)(1). The Investment
Company Act and Investment Advisers Act both define "person" to mean "a
natural person or a company," 15 U.S.C. 80a-2(a)(28), 80b-2(a)(16), but allow for
review by a "person or party." 80a-42(a), 80b-13(a).

Under the plain language of these statutes, while Texas and Louisiana may
properly file a petition in the Fifth Circuit, neither Utah nor West Virginia resides
or has its principal office or place of business in this Circuit. As such, neither Utah
nor West Virginia may proceed in this Court. *See Bally's Park Place, Inc. v.
NLRB*, 546 F.3d 318, 320–21 (5th Cir. 2008) (dismissing petition for review under

---

[1] As used in these statutes, "order" encompasses the rule at issue here. *See Twin
Rivers Paper Co. LLC v. SEC*, 934 F.3d 607, 617 n.1 (D.C. Cir. 2019); *N.Y. Repub.
State Comm. v. SEC*, 799 F.3d 1126, 1134 (D.C. Cir. 2015).

29 U.S.C. 160(f) when petitioner did not "reside[]" or "transact[] business" in the Fifth Circuit).

Interpreting a comparable review provision, the Supreme Court has reached the same conclusion. In *Fed. Power Comm'n v. Texaco*, 377 U.S. 33 (1964), Texaco and Pan American filed separate petitions in the Tenth Circuit for review of agency orders that rejected for the same reason their applications to supply natural gas to a pipeline company. *See id.* at 35–37. Like the review provisions here, the relevant statute required challenges to be brought in the circuit where the party "is located or has its principal place of business," or in the D.C. Circuit. *Id.* at 38 (quoting 15 U.S.C. 717r(b)). Because Texaco was a Delaware corporation that did not have its principal place of business "within the Tenth Circuit," the Court held that its petition should have been dismissed for "lack of venue." *Id.* at 39. The Court then proceeded to address the merits of the petition filed by Pan American, which did have its principal place of business in the Tenth Circuit. *Id.*

The Supreme Court has thus made clear that Utah and West Virginia could not have filed their own petitions in the Fifth Circuit. Nor can they cure their lack of venue by joining a petition with properly venued petitioners. For instance, in *Amerada Petroleum Corp. v. Fed. Power Comm'n*, 338 F.2d 808 (10th Cir. 1964), six corporations and four individuals filed a "joint petition" to review an order of the Federal Power Commission under the same statute at issue in *Texaco*. The

5

petition for review alleged venue with respect to only one petitioner—Sunray. *Id.*
at 809–10. The Court concluded that "the venue deficiencies require a dismissal of
the petition as to all petitioners but Sunray." *Id.* at 810. The same reasoning
applies in this case. *See also Nat'l Fam. Farm Coal. v. EPA*, 966 F.3d 893, 930
(9th Cir. 2020) (Nelson, J., concurring) (stating that a similar statutory provision's
"use of the singular noun 'person' and definition of that word in a way that
requires individual analysis suggests venue should be analyzed on a petitioner-by-
petitioner basis," and interpreting the statute as requiring a court to "analyze venue
on an individual basis, even if multiple petitioners join one petition").

### 2. *Petitioners' position would circumvent the procedures that Congress enacted for consolidating multiple petitions for review.*

Allowing Utah and West Virginia to seek review in this Court would
circumvent 28 U.S.C. 2112, the detailed provision in which "Congress set rules for
resolving [the] problem of multiple appeals in multiple circuits." *Wynnewood Ref.
Co., L.L.C. v. Occupational Safety & Health Rev. Comm'n*, 933 F.3d 499, 500 (5th
Cir. 2019). Under those rules, multiple petitions for review filed more than 10
days after the challenged agency order are sent to the court where the first petition
was filed—even if the venue of the first petition is improper. 28 U.S.C.
2112(a)(1), (5); *see Nat'l Parks Conservation Ass'n v. EPA*, 991 F.3d 681, 685
(5th Cir. 2021) ("[I]t is for the court where the first petition was filed to assess its
validity or invalidity, and to act accordingly." (quoting *Superior Indus. Int'l, Inc. v.*

*NLRB*, 865 F.2d 1, 2 (1st Cir. 1988))). That court may then transfer those proceedings to any other court of appeals "[f]or the convenience of the parties in the interest of justice." 28 U.S.C. 2112(a)(5).[2]

In this case, had Utah and West Virginia filed petitions for review in a proper forum (the Tenth and Fourth Circuits, respectively, or the D.C. Circuit), a motion to transfer to the court where a petition was first filed could have been filed by any party, in accordance with 28 U.S.C. 2112. *See Wynnewood*, 933 F.3d at 501. The transferee court could have then heard any arguments from the parties about which forum was ultimately most suitable. *See id.* (after transferring petition for review to the first-filed court, noting that "[a]ny motion to transfer the appeal on convenience grounds, *see* 28 U.S.C. 2112(a)(5), will be decided in that circuit").

That process "would be circumvented if all petitioners could join a single petition in the same circuit, regardless of whether each petitioner had proper venue." *Nat'l Fam. Farm Coal.*, 966 F.3d at 930 (Nelson, J., concurring). Under the scheme that Congress enacted, a court, not petitioners, determines which venue should hear multiple challenges to an agency action. *See Amerada Petroleum*

---

[2] If an agency receives multiple petitions for review within ten days of issuance of the order, the Judicial Panel on Multidistrict Litigation consolidates the petitions in one court of appeals from among those where a petition was filed by random selection. 28 U.S.C. 2112(a)(3). That court may also transfer the petitions under Section 2112(a)(5) to a more suitable forum.

*Corp.*, 338 F.2d at 810 (after dismissing petitioners for whom venue was improper, stating that "[t]he provisions of Section 2112(a) will now come into play"); *Liquor Salesmen's Union v. NLRB*, 664 F.2d 1200, 1205 (D.C. Cir. 1981) ("It must be emphasized that [Section] 2112(a) is a mechanical device to determine which court will determine venue, not which court will ultimately hear the case.  Transfer is entirely discretionary with the court of first filing.").  Giving petitioners the power to choose their forum in such a circumstance would frustrate Congress's objective in enacting Section 2112 to "set rules" (*Wynnewood*, 933 F.3d at 500) to govern the often-arising question of determining venue in an orderly way.  *See also Southland Mower Co., v. U.S. Consumer Prod. Safety Comm'n*, 600 F.2d 12, 14 (5th Cir. 1979); *Remington Lodging & Hosp., LLC v. NLRB*, 747 F.3d 903, 905 (D.C. Cir. 2014) (requiring petitioners to follow the terms of Section 2112(a) "makes a good deal of sense").

**B.     Utah and West Virginia have not identified any basis for venue in this Court.**

>   *1.     This Court's precedent does not support Utah and West Virginia's attempt to establish venue.*

Although this Court does not appear to have directly addressed this question, its precedent does not support permitting venue for Utah and West Virginia.  In *Merchants Fast Motor Lines, Inc. v. ICC*, 5 F.3d 911 (5th Cir. 1993), for example, this Court dismissed separate petitions for review of an agency order when one

8

petitioner—the Texas Motor Transportation Association ("TMTA")—lacked

standing, and another petitioner—the National Motor Freight Traffic Association

("NMFTA")—was not properly venued in the Fifth Circuit. *See id.* at 921–23.[3]

The NMFTA argued that a court "may review petitions lacking proper venue so

long as contemporaneous petitions for review are filed by parties who are able to

establish venue," *id.* at 922, but because the TMTA and its "nominal co-

petitioners" lacked standing, the Court did not need to address this issue.

In *Am. Newspaper Publishers Ass'ns v. U.S. Postal Serv.*, 789 F.2d 1090

(5th Cir. 1986), this Court addressed a single petition for review filed by a single

association, determining that the association could not rely on its members'

residences to establish that venue was proper in the Fifth Circuit. *See id.* at 1092.

The Court did distinguish an earlier case, "which permitted a New York–based

trade association, membership of which included entities located in the Fifth

Circuit, to seek review of agency orders in this circuit," as "contemporaneous

petitions for review had been filed by parties who did have their principal places of

business within the Fifth Circuit and thus met any applicable venue test." *Id.* at

1092. But that earlier case did not determine that any individual petitioner was

---

[3] In that case, unlike here, two separate petitions for review of that action were
filed. *See* Joint Brief of Respondents Interstate Commerce Commission and
United States of America, No. 92-4691B, *Nat'l Motor Freight Traffic Assoc. v.
ICC*, 1992 WL 12128299, at *2 (5th Cir. Dec. 29, 1992).

properly venued in the Fifth Circuit—it addressed only whether the Fifth Circuit was the court where the first of multiple petitions was filed. *See Formaldehyde Inst., Inc. v. U. S. Consumer Prod. Safety Comm'n*, 681 F.2d 255, 262 (5th Cir. 1982); *see also Wynnewood*, 933 F.3d at 500 (describing *Formaldehyde* as "awarding venue to the petition filed ten seconds earlier").

For similar reasons, any attempt to invoke the doctrine of "pendent venue" would fail. That doctrine allows a district court "to hear an improperly venued claim if it is joined in a suit with a claim that is properly venued, and the claims arise out of a common nucleus of operative fact." *Gremillion v. Lockheed Martin Corp. Grp. Benefits Plan*, 2015 WL 3863375, at *2 (E.D. La. June 22, 2015). This Court has not squarely addressed whether the doctrine applies at all in the appellate context. *See Merchants*, 5 F.3d at 921 (rejecting the petitioner's attempt to invoke pendent venue, as other challenges did not share a common nucleus of operative facts). But, regardless, pendent venue does not apply here.

Even in the district court context, courts will not apply pendent venue when Congress has provided clear instructions on where claims should be heard. *See Martin v. U.S. Equal Emp. Opportunity Comm'n*, 19 F. Supp. 3d 291, 310 (D.D.C. 2014) ("[C]ourts will not apply the pendent venue doctrine to defeat Congress's intention that certain types of claims be heard in specific places."); *Schmidt v. Delta Airlines, Inc.*, 1999 WL 179469, at *2 (E.D. La. Mar. 31, 1999) (declining to

apply pendent venue when "Congress has specifically provided the proper venue for claims"). And here Congress has clearly demonstrated in the Securities Act, Investment Company Act, and Investment Advisers Act that venue is determined by the residence of the *petitioners*, not the factual connection between properly and improperly venued *claims*. Nor is application of this doctrine necessary to promote judicial economy—Congress has established clear procedures to coordinate related agency challenges in 28 U.S.C. 2112. *See supra* pp. 6–8.

In short, the Commission has found no case where this Court has held that a court may consider a petition where venue is lacking on the basis that there is a separate petition with proper venue, or that petitioners may cure their own lack of venue by joining the petition of petitioners with proper venue. And any attempt to interpret this Court's precedent to support such a proposition would contradict the Supreme Court's holding in *Texaco*, 377 U.S. at 39.

### 2.   *There is no basis to defer to Utah's and West Virginia's choice of forum.*

Any argument that deference should be given to Utah and West Virginia's choice of forum should be rejected. Courts that have given such deference do so where the party seeking deference has filed in a proper venue. *See Atl. Marine Constr. Co. v. U.S. Dist. Ct.*, 571 U.S. 49, 55–59, 62–64 (2013) (explaining the difference between applying 28 U.S.C. 1404(a), where venue in the original court is proper and deference may be given to choice of forum, and 28 U.S.C. 1406(a),

11

where original venue is improper); 15 Wright *et al.*, *Fed. Prac. & Proc. Juris.* § 3848 (4th ed.) (stating that Section 1404(a) cases are, "by definition," those "in which the plaintiff's choice of venue is proper under the applicable venue provisions"). But as discussed above, Utah and West Virginia are not properly before this Court. Given the clarity in the relevant review provisions and 28 U.S.C. 2112, this Court must follow Congress's directive on the procedure to determine the proper forum, not the petitioners' unilateral choice. *See Amerada Petroleum Corp.*, 338 F.2d at 810; *Nat'l Fam. Farm Coal.*, 966 F.3d at 930 (Nelson, J., concurring); *cf. Atl. Marine*, 571 U.S. at 63–64 (holding that a plaintiff's choice of forum "merits no weight" when a contractual forum selection clause applies).

## C.    This Court should transfer the petition to the D.C. Circuit or dismiss Utah and West Virginia as petitioners.

This Court may correct the venue defect created by petitioners in two ways: First, by transferring the petition to the D.C. Circuit—where venue is proper for every petitioner. Second, by dismissing Utah and West Virginia as petitioners for lack of venue. *See Dornbusch v. Comm'r*, 860 F.2d 611, 615 (5th Cir. 1988) (court of appeals has power to transfer for improper venue either under 28 U.S.C. 1631 or its inherent power); *Rosenthal & Co. v. CFTC*, 658 F.2d 278, 279 (5th Cir. 1981) (deeming dismissal inappropriate in light of "confusing statutory directives," and instead invoking "the inherent power of a United States Court of Appeals to

12

transfer a cause before it"); *Texas v. EPA*, No. 10-60961, 2011 WL 710598, at *3 n.28 (5th Cir. Feb. 24, 2011) (unpublished) (affirming inherent power to transfer to cure venue); *see also Georgia Repub. Party v. SEC*, 888 F.3d 1198, 1205 (11th Cir. 2018) (transferring petition for review under 15 U.S.C. 78y(a) to the D.C. Circuit after the only party properly venued was dismissed for lack of standing). While the Commission is prepared to litigate in any appropriate forum, it requests transfer over partial dismissal for lack of venue for two reasons.

*First*, transfer rather than dismissal ensures that each petitioner in this case retains its status as a party. *See Georgia-Pac. Corp. v. Fed. Power Comm'n*, 512 F.2d 782, 783 (5th Cir. 1975) (transferring petition for review filed in wrong circuit when party would be "left without judicial review" if the suit was dismissed); *see also Georgia Repub. Party*, 888 F.3d at 1205 (stating that court was "hesitant" to dismiss parties for improper venue "where dismissal would deprive a party of its right to appellate review").

*Second*, transfer at this stage of the litigation conserves judicial resources. In *Georgia Republican Party*, for example, the Eleventh Circuit determined that the only party with proper venue in the Eleventh Circuit lacked standing, then transferred the case to the D.C. Circuit, where venue was proper for the remaining petitioners.  888 F.3d at 1201–05.  The D.C. Circuit then determined that one of the remaining petitioners had standing, and went on to adjudicate the merits of the

petition. *N.Y. Repub. State Comm. v. SEC*, 927 F.3d 499 (D.C. Cir. 2019).

Transferring the petition for review now ensures that the same court would

adjudicate jurisdictional or other threshold issues as well as the merits of the

petition, if appropriate. Moreover, transfer at this stage of the litigation upholds

Congress's intent by allowing the court that Congress has indicated should

determine these issues to in fact do so. *See Nat'l Fam. Farm Coal.*, 966 F.3d at

930 n.1 (Nelson, J., concurring) ("Venue should be addressed before standing

because venue is, like *forum non conveniens*, a nonmerits issue that 'den[ies]

audience to a case on the merits' without assuming 'substantive law-declaring

power.'" (quoting *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S.

422, 432–33 (2007))). For the same reasons, this Court should also stay the merits

briefings schedule pending resolution of this motion.

## <u>CONCLUSION</u>

This Court should transfer the petition for review to the D.C. Circuit, or in the alternative dismiss Utah and West Virginia as petitioners. The Court should also grant the Commission's unopposed motion to stay the merits briefing schedule pending resolution of the Commission's motion to transfer or dismiss.

Respectfully submitted,

MEGAN BARBERO
General Counsel

MICHAEL A. CONLEY
Solicitor

TRACEY A. HARDIN
Assistant General Counsel

DANIEL STAROSELSKY
Senior Appellate Counsel

<u>/s/ John R. Rady</u>
JOHN R. RADY
Appellate Counsel

Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549
(202) 551-4997 (Rady)
radyjo@sec.gov

Dated:    May 1, 2023

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 1, 2023, I electronically filed the foregoing

motion using the Court's CM/ECF system, which will send notice to all the parties.

<u>/s/ John R. Rady</u>
John R. Rady


Dated:      May 1, 2023

## **CERTIFICATE OF COMPLIANCE**

I certify that this motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 3,465 words, excluding the parts exempted by Fed. R. App. P. 32(f) and 5th Cir. R. 32.2.

I also certify that this motion complies with the typeface and type style requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface—Times New Roman, 14 point—using Microsoft Word.

/s/ John R. Rady
John R. Rady

Dated:      May 1, 2023