No. 23-60079

## IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

STATE OF TEXAS, STATE OF LOUISIANA,
STATE OF UTAH, AND STATE OF WEST VIRGINIA,

*Petitioners,*

v.

SECURITIES AND EXCHANGE COMMISSION,

*Respondent.*

## PETITIONER STATES' OPPOSITION TO RESPONDENT'S MOTION TO TRANSFER PETITION FOR REVIEW

### INTRODUCTION

This Court should reject the Securities and Exchange Commission's divide-and-conquer venue strategy. Under the plain language of the judicial-review statute here, Utah and West Virginia may join a petition filed by other petitioners located in this circuit. *See* 15 U.S.C. § 77i(a). And the practice among the courts of appeals confirms that courts look at the petition as a whole when deciding venue—rather than individually evaluating each petitioner *seriatim.* Thus, this Court should deny the Commission's motion to transfer or dismiss this petition. ECF 24.

1

## BACKGROUND

The States of Texas, Louisiana, Utah, and West Virginia filed this petition for review, asking this Court to set aside the Securities and Exchange Commission's Final Rule entitled "Enhanced Reporting of Proxy Votes by Registered Management Investment Companies; Reporting of Executive Compensation Votes by Institutional Investment Managers," 87 Fed. Reg. 78,770 (Dec. 22, 2022). The new rule unlawfully changes proxy voting reporting requirements. Among other things, the change will lead to a dramatic increase in compliance costs and open the door to coercive manipulation of the proxy-voting process by outside interests.

## ANALYSIS

The Commission concedes that Texas and Louisiana's claims are properly before this Court, so it focuses on arguments that this Court is an improper venue for West Virginia and Utah.[1] But West Virginia and Utah belong in this Court, too.

---

[1] Further, even without the Commission's concession, federal courts unanimously hold that a State "resides" for venue purposes in every district within the territorial boundaries of that State. *See, e.g., Atlanta & F.R. Co. v. W. Ry. Co. of Ala.*, 90 F. 790, 791 (5th Cir. 1892); *California v. Azar*, 911 F.3d 558, 569-70 (9th Cir. 2018); *Florida v. United States*, No. 3:21cv1066, 2022 WL 2431443, at *2 (N.D. Fla. Jan. 18, 2022); *Pennsylvania v. Trump*, 352 F. Supp. 3d 791, 808-09 (E.D. Pa. 2019), *aff'd*, 930 F.3d 543 (3d Cir. 2019), *rev'd on other*

**A.** As an initial matter, this case was the first filed (as far as the States are aware) given that the record was filed in this case. *See* 28 U.S.C. § 2112(a)(1) ("[T]he . . . commission . . . concerned shall file the record in the court in which proceedings with respect to the order were first instituted."). Therefore, under 28 U.S.C. § 2112(a)(5), if Utah and West Virginia were severed and transferred to the D.C. Circuit, the D.C. Circuit would simply re-transfer the case back to the Fifth Circuit. *See Remington Lodging & Hosp., LLC v. NLRB*, 747 F.3d 903, 904 (D.C. Cir. 2014) ("[A]ll other courts of appeals must then transfer any related proceedings to the court in which the agency files the record."); *Wynnewood Ref. Co., LLC v. Occupational Safety & Health Rev. Comm'n*, 933 F.3d 499, 500 (5th Cir. 2019) (same); *see also Smith v. McIver*, 22 U.S. 532, 535 (1824). For largely identical reasons, under 28 U.S.C. § 2112(a), it would be inappropriate and contrary to the statute for this Court to transfer the entire case to the D.C. Circuit or dismiss Utah and West Virginia. *Id.*

---

*grounds sub nom.*, *Little Sisters of the Poor Saints Peter and Paul Home v. Pennsylvania*, 140 S. Ct. 2367 (2020); *Alabama v. U.S. Army Corps of Eng'rs*, 382 F. Supp. 2d 1301, 1327-29 (N.D. Ala. 2005). Thus, it is settled that Texas and Louisiana reside in the Fifth Circuit and are unquestionably entitled to venue in the Fifth Circuit.

**B.** But if this Court disagrees, the appropriate analysis starts with the text of the relevant venue statute. Section 77i(a) provides that "[a]ny person aggrieved by an order of the Commission may obtain a review of such order in the court of appeals of the United States, within any circuit wherein such person resides or has his principal place of business, or in the United States Court of Appeals for the District of Columbia." 15 U.S.C. § 77i(a). The Commission argues that the singular use of "person" here means that venue should be analyzed on an individualized, petitioner-by-petitioner basis. ECF 24 at 3. Put differently, the Commission insists (without invoking the standards for severance) that the Court should constructively sever the four Petitioners' claims here and have them rise or fall on their own. Under that approach, each State in this petition for review would need to satisfy venue individually; Texas and Louisiana's petitions would be properly venued here— and Utah and West Virginia's wouldn't be. ECF 24 at 5-6.

Yet the plain language of 15 U.S.C. § 77i(a) confirms that venue is proper for all the States here. The Commission correctly notes that the statute uses the singular "person." But that's just the start, as "person" has a specific, congressionally determined meaning. The Dictionary Act instructs that, "unless the context indicates otherwise," Congress' use of "words importing

4

the singular include and apply to *several* persons, parties, or things." 1 U.S.C. § 1 (emphasis added).  Applying that understanding, "person" as used in Section 77i must refer to "several persons."

The Commission could try to discard the Dictionary Act's definition of "person" by looking to "context," but that effort would fail.  "Context" refers to "the text of the Act of Congress surrounding the word at issue, or the texts of other related congressional Acts." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 199 (1993).  Once more, nothing in Section 77i suggests that Congress meant to refer to "person" only in the singular form.  After setting out that "[a]ny person" may seek review, Section 77i specifies that review takes place in "any circuit" wherein the "person resides or has his principal place of business."  15 U.S.C. § 77i(a).  The word "any" "has an expansive meaning" of its own. *Babb v. Wilkie*, 140 S. Ct. 1168, 1173 n.2 (2020).  Separately, though Congress wrote the singular "circuit," the statute contemplates that review may be obtained in any one of several circuits—where a person lives *or* has a principal place of business.  Similarly, the statute uses "any" before "person."  So just as "any circuit" written in a singular form meant plural, "any person" also suggests a plural "persons."

Context outside of Section 77i also shows that Congress did not intend "[a]ny person" to be singular. Consider the general venue statute for multiparty, multiforum litigation. It reads: "A civil action … may be brought in *any district* in which *any defendant* resides or in which a substantial part of the accident giving rise to the action took place." 28 U.S.C. § 1391(g) (emphasis added). Again, the language here is singular—"any district," "any defendant." Yet the statute expressly specifies this language applies to multiparty litigation, so "any defendant" doesn't just apply to the singular "person," but also to the "several persons." 1 U.S.C. § 1. Likewise, the general venue statute for suits against certain federal officers says that those cases can be brought "in any judicial district in which . . . the plaintiff resides [with certain exceptions]." 28 U.S.C. § 1391(e)(1). Yet "[e]ach court faced with" construing that provision "has interpreted 'the plaintiff' to mean 'any plaintiff,'" such that "the residency requirement . . . is satisfied if at least one plaintiff resides in the district in which the action has been brought." *Sidney Coal Co. v. Soc. Sec. Admin.*, 427 F.3d 336, 344-46 (6th Cir. 2005) (collecting authorities). The Commission has not explained why Section 77i's similar language should be read any differently than these statutes.

So nothing in Section 77i's context suggests that "[a]ny person" should be read only in the singular form. Thus, this Court should reject the Commission's petitioner-by-petitioner approach; it should instead look at venue based on the petition as a whole. Because Texas and Louisiana may properly file a petition in the Fifth Circuit, West Virginia and Utah can join them. The Court should deny the Commission's motion on this basis alone.

**C.** The Commission's argument clashes with established practice of this Court and other courts, too. This Court has not looked at venue in the petitioner-by-petitioner way that the Commission prefers. Instead, this Court looks to see if venue is proper for any party in the petition for review. If so, venue is deemed to be proper for all parties in the petition. *See, e.g.*, *R.J. Reynolds Vapor Co. v. FDA*, 65 F.4th 182, 188 (5th Cir. 2023) (holding that "venue [wa]s proper in this circuit because a petitioner ha[d] its 'principal place of business' here," even though specific petitioner seeking stay in connection with petition for review was located in North Carolina); *Tenn. Gas Pipeline Co. v. FERC*, 809 F.2d 1138, 1139 (5th Cir. 1987) (reviewing petition where company only "purchases, transports and sells natural gas in the states of Tennessee and Virginia"); *Formaldehyde Inst., Inc. v. USCPSC*, 681 F.2d 255, 259-60, 263 (5th Cir. 1982) (finding that petitions were properly venued in the

Fifth Circuit rather than the D.C. Circuit, even though only some of the petitioners were located in the Fifth Circuit); *Glob. Van Lines, Inc. v. ICC*, 691 F.2d 773, 774 n.1 (5th Cir. 1982) ("Because one of the petitioners is a corporation organized and existing under the laws of the state of Texas, venue is properly in this court.").

Perhaps the most notable example of this Court's approach to venue is *BST Holdings, LLC v. Occupational Safety and Health Administration, U.S. Department of Labor*, 17 F.4th 604 (5th Cir. 2021). The case concerned a temporary OSHA standard imposing a mandatory COVID-19 vaccination policy for certain employers. *Id.* at 609-10. Various petitioners challenged this temporary standard under 29 U.S.C. § 655(f). In this circuit, Texas, Louisiana, South Carolina, *and Utah* (among many others) challenged the standard, joining a petition with States and employers. This Court then issued a stay of the vaccine mandate, noting that "[m]any," but not all, "of the petitioners are covered private employers within the geographical boundaries of this circuit." *BST Holdings, LLC.*, 17 F.4th at 610.

By issuing the stay in *BST Holdings*, the Court rejected the Commission's view of venue. Like the SEC's review statute, the judicial-review provision invoked there said that "[a]ny *person* . . . may . . . file a petition

8

challenging the validity of such standard with the United States court of appeals for the circuit wherein such person resides or has his principal place of business, for a judicial review of such standard." 29 U.S.C. § 655(f) (emphasis added). The statute also used a singular "person." *Id.* If the Commission were right about how such provisions must be read, then the Court should have looked at venue on a petitioner-by-petitioner basis, which would have in turn excluded States like Utah and South Carolina. But this Court rejected that view, implicitly finding that venue was proper for all the petitioners, even though it acknowledged that not every petitioner was "within the geographical boundaries of this circuit." *BST Holdings*, 17 F.4th at 610 ("Many of the petitioners . . ."). This Court should reject the Commission's approach to venue again.

**D.** And this Court's view of venue is the dominant one. In fact, the Commission only identifies one out-of-circuit panel decision that endorsed its individualized, petitioner-by-petitioner approach to venue. ECF 24 at 7. In *Amerada Petroleum Corp. v. Federal Power Commission*, 338 F.2d 808, 809 (10th Cir. 1964), petitioners both inside and outside the Tenth Circuit filed a "joint petition" to review an order of the Federal Power Commission. The review statute there, 15 U.S.C. § 717r(b), provides that "[a]ny party" may

obtain review in "any circuit wherein the natural-gas company to which the order relates is located or has its principal place of business, or in the United States Court of Appeals for the District of Columbia." *Id.* The petition for review in *Amerada* alleged venue as to only Sunray, so the Tenth Circuit concluded that "the venue deficiencies require[d] a dismissal of the petition as to all petitioners but Sunray." *Amerada Petroleum Corp.*, 338 F.2d at 810.

*Amerada* didn't engage in any sort of textual analysis to see if the language there should be read as singular and plural. Perhaps more importantly, *Amerada* perceived the "joint petitions" as six separate challenges to six separate administrative actions on six separate applications. *Amerada Petroleum Corp*, 338 F.3d 810. But the same can't be said about this case, seeing how this petition concerns a single rule that affects all the States in the same way. And anyway, it appears the Tenth Circuit has since heard other cases involving petitioners where each petitioner could not have satisfied venue. *See Walker Operating Corp. v. FERC*, 874 F.2d 1320, 1328 (10th Cir. 1989); *Nat'l Ass'n of Regul. Util. Comm'rs v. FERC*, 823 F.2d 1377, 1379 (10th Cir. 1987) (allowing out-of-jurisdiction intervenor in petition for review).

The Commission also cites to a concurring opinion in *National Family Farm Coalition v. U.S. Environmental Protection Agency*, 966 F.3d 893 (9th

Cir. 2020) (Nelson, J., concurring), where a lone concurring judge endorsed *Amerada*'s position and the Commission's person-by-person approach. ECF 24 at 8. But nobody else on the panel embraced that judge's approach; instead, they found that the court had jurisdiction over all petitioners—even those who did not reside or "have a place of business" in the Ninth Circuit. *Nat'l Fam. Farm Coal.*, 966 F.3d at 932 (Watford, J., dissenting) ("I agree with my colleagues that we have jurisdiction to review the petitioners' challenges"). Other panels on the Ninth Circuit also have rejected that lone judge's view of venue by allowing petitions for review to proceed even though some of the parties could not have filed their own petitions in the Ninth Circuit. *See Nat'l Fam. Farm Coal. v. EPA*, 960 F.3d 1120 (9th Cir. 2020); *League of United Latin Am. Citizens v. Regan*, 996 F.3d 673 (9th Cir. 2021). Thus, *Amerada* and the *National Family Farm* concurring opinion stand as aberrations.

The Commission further misreads Supreme Court's decision in *Federal Power Commission v. Texaco*, 377 U.S. 33 (1964), where the Court dismissed a petition filed by a company because it lacked venue, but then considered another petition of a company that did have venue. ECF 24 at 7. The Commission glosses over the key detail there: the Court was addressing separate petitions, and it therefore didn't address how venue might play out

as to a single petition with multiple petitioners. *Texaco*, 377 U.S. at 37 ("Petitions for review were filed . . .").  So the Supreme Court's decision in *Texaco* is no different from its standing analysis in other cases: in separate petitions, a lack of standing for a petitioner is fatal, but in a joint petition, the standing of just one petitioner is enough. *Bowen v. Kendrick*, 487 U.S. 589, 620 n.15 (1988).

None of the Commission's other claimed authorities help it.  In *Merchants Fast Motor Lines, Inc. v. ICC*, the Court dismissed *separate* petitions for review of an agency order where one lacked venue and one lacked standing.  5 F.3d 911, 921-23 (5th Cir. 1993).  Like *Texaco*, then, the case has nothing to say about a multi-party petition.  *Am. Newspaper Publishers Ass'ns v. U.S. Postal Serv.*, 789 F.2d 1090 (5th Cir. 1986), is also beside the point.  There, this Court found that an association could not rely on its members' residences to establish venue.  *Id.* at 1092.  The Court simply recognized that venue should be drawn on the *petitioner's* location, not its members.  Were it otherwise, membership corporations would enjoy "a choice of venue unavailable to other petitioners . . . and sanction unlimited forum-shopping." *Id.* at 1092 (quoting *ACLU v. FCC*, 774 F.2d 24, 25-26 (1st Cir. 1985)).  That would also conflict with "the prevalent custom of entrusting

judicial review to courts that had some direct connection to the parties involved in the administrative proceeding." *Am. Newspaper Publishers Ass'ns*, 789 F.2d at 1091. The States here aren't asserting any theory of vicarious standing; as the Commission concedes, two States on the single petition have "direct connection" with the Fifth Circuit. And the States on the petition do not claim a novel venue right, but instead merely wish to invoke the rule that applies in all multi-party suits.

In sum, the cases the Commission cites do not meaningfully support their position. This Court should respect the States' decision to file their joint petition for review in a circuit where venue is proper.

**E.** With no textual support or circuit practice for its argument, the Commission resorts to arguments that review here would "circumvent" the multi-circuit petition assignment process found in 28 U.S.C. § 2112. ECF 24 at 8. Under that section, when multiple petitions for review are filed more than 10 days after a challenged agency order, all those petitions are initially sent to the court where the first petition was filed. 28 U.S.C. § 2112(a)(1). The Commission insists that allowing the States' petition to go forward would "frustrate Congress's objective in enacting Section 2112" and would give "petitioners the power to choose their forum." ECF 24 at 10. But

fundamentally, the Commission's argument is inapposite as there was only one petition filed, and therefore section 2112 cannot apply, until or unless another case is "instituted" in another circuit, as discussed above in Section A.

The Commission's argument also seeks to circumvent the legislature's choices. "Deciding what competing values will or will not be sacrificed to the achievement of a particular objective is the very essence of legislative choice—and it frustrates rather than effectuates legislative intent simplistically to assume that *whatever* furthers the statute's primary objective must be the law." *Rodriguez v. United States*, 480 U.S. 522, 526 (1987) (emphasis in original). The Commission also gives short shrift to other counterbalancing policies and purposes, such as the general policy in favor of allowing a petitioner to choose his own venue and the general preference for allowing joinder of claims whenever possible. *See United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 724 (1966) ("[J]oinder of claims, parties and remedies is strongly encouraged."); *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 767 (5th Cir. 2016) (explaining that a plaintiff's choice of forum must be given "significant" weight).

But even that aside, the Commission's argument is flawed twice over.

*First*, the Commission treats the States as having "multiple challenges" to the agency action.  ECF 24 at 9.  But this understanding is wrong.  The States only have one challenge.  West Virginia does not have a separate challenge from Texas, and Louisiana does not have a separate challenge from Utah.  To put a finer point on it, Texas and Louisiana could have filed separate petitions for review, which would have meant "multiple challenges."  But instead, they filed a single, unified petition for review, which constituted one challenge.

*Second*, the Commission frets over a situation in which every petitioner joins a single petition in the same circuit in an attempt to game venue.  ECF 24 at 7.  But the OSHA vaccine case illustrates why this likely won't happen.  There, petitions for review were filed in virtually every circuit court, which were eventually consolidated and heard by the Sixth Circuit.  *In re MCP No. 165*, 21 F.4th 357, 368 (6th Cir. 2021).  In this Court, Texas, Louisiana, and Utah were part of one coalition.  *BST Holdings, LLC*, 17 F.4th 604.  West Virginia, however, joined a separate petition in the Sixth Circuit along with Kentucky, Idaho, Kansas, Ohio, Oklahoma, and Tennessee.  *Kentucky v. OSHA*, No. 21-4031 (6th Cir. filed Nov. 5, 2021).  So even where like-minded parties want the same result, they may choose not to file together because of

different legal arguments, timing concerns, or manageability concerns.  Thus, the Commission's fears that future petitioners will file a petition together for the sole purpose of venue manipulation are not well-founded.

**F.** If this Court adopted the Commission's interpretation, it would not just apply to this review statute but also to every statute that allows petitions for review that uses the singular "person" and "circuit."  Turns out, many statutes use this phrasing.  *E.g.* 29 U.S.C. § 160(f) (NLRB); 30 U.S.C. § 816(a)(1) (mineral lands and mining); 15 U.S.C. § 1710(a) (interstate land sales); 29 U.S.C. § 655(f) (OSHA); 7 U.S.C. § 136n(b) (insecticide, fungicide, and rodenticide); 15 U.S.C. § 717r(b) (natural gas); 28 U.S.C. § 2343 (orders of federal agencies).  So the Commission's theory would have sweeping implications for petitions for review involving multiple parties.

For example, States frequently file petitions for review together.  Litigation requires significant resources, which means States often must choose which matters to pursue.  And for smaller States like West Virginia, complex regulatory matters like the matter here makes going at it alone all the more difficult.  Multistate litigation allows States to combine their resources and expertise to effect justice for their citizens—often resulting in important legal developments.  Yet the Commission's approach threatens

multistate petition for reviews going forward.  Judging from the Commission's motion, smaller States would either have to go it alone or forego the venue flexibility Congress gave them in favor of D.C. Circuit filings in every case.

Organizations would be affected, too.  As seen above, public-interest organizations frequently file petitions for review, challenging Commission orders.  And like with multistate groups, like-minded organizations often work together to shoulder the costs of litigation and share their expertise.  But adopting the Commission's view of venue would greatly reduce these organizations' ability to do so.  Partnerships between States and organizations would necessarily fall by the wayside.

**G.** Finally, even if venue were improper as to Utah and West Virginia's claims, pendent venue would justify keeping them here.  Courts have recognized that "a federal court may in its discretion [to] hear pendent claims which arise out of the same nucleus of operative fact as a properly venued federal claim, even if venue of the pendent claim otherwise would not lie." *Hsin Ten Enter. USA, Inc. v. Clark Enters.*, 138 F. Supp. 2d 449, 462 (S.D.N.Y. 2000).  In deciding whether to do so, courts consider factors like "judicial economy, convenience to the parties and the court system, avoidance of piecemeal litigation and fairness to the litigants." *Id.*; *see also*, *e.g.*, *Pacer Glob.*

*Logistics, Inc. v. Nat'l Passenger R.R. Corp.*, 272 F. Supp. 2d 784, 789 (E.D. Wis. 2003) (collecting authorities).

All the relevant factors favor keeping West Virginia and Utah's claims here. Utah and West Virginia will raise arguments and points identical to those that Louisiana and Texas will raise concerning the very same rule. Severing and transferring Utah and West Virginia would encourage delay and deprive the parties of the benefits of their justifiable choice to come here for relief. And while pendent venue might not be right for a case in which Congress has specifically directed that a certain case or claim should not be brought in a certain court, *Moler v. Wells*, 18 F.4th 162, 165 n.2 (5th Cir. 2021), we know that limitation does not apply to West Virginia and Utah's challenge *precisely* because this Court is concededly the proper venue for Texas and Louisiana's identical claims. In other words, Congress has not said that a petition challenging the Commission's rule cannot come before this Court; nor has it said such a petition belongs only before the D.C. Circuit. So, alternatively, pendent venue applies.

\* \* \* \*

For all these reasons, this Court should reject the Commission's theory that is unsupported by the statute and find venue proper.

## CONCLUSION

For these reasons, the States respectfully request that this Court deny the Commission's motion.

Respectfully submitted,

SEAN REYES
    *Attorney General*

/s/ Melissa Holyoak
Melissa Holyoak
    *Solicitor General*

UTAH ATTORNEY GENERAL'S
OFFICE
350 N. State Street, Suite 230
P.O. Box 142320
Salt Lake City, UT 84114-2320
(801) 538-9600
melissaholyoak@agutah.gov

*Counsel for State of Utah*

PATRICK MORRISEY
    *Attorney General*

Lindsay S. See
    *Solicitor General*

/s/ Michael R. Williams
Michael R. Williams
    *Senior Deputy Solicitor General*

OFFICE OF THE ATTORNEY GENERAL
OF WEST VIRGINIA
State Capitol Complex
Building 1, Room E-26
Charleston, WV 25301
(304) 558-2021
Lindsay.S.See@wvago.gov
Michael.R.Williams@wvago.gov

*Counsel for State of West Virginia*

JEFF LANDRY
  *Attorney General*

Elizabeth B. Murrill
  *Solicitor General*

LOUISIANA DEPARTMENT OF
JUSTICE
1885 N. Third Street
Baton Rouge, LA 70804
(225) 326-6766
murrille@ag.louisiana.gov

*Counsel for State of Louisiana*

KEN PAXTON
  *Attorney General*

Brent Webster
  *First Assistant Attorney General*

Judd E. Stone II
  *Solicitor General*
LEIF A. OLSON
  *Chief, Special Litigation
Division*

David Bryant
  *Special Counsel, Special
Litigation Division*

Joseph N. Mazzara
  *Assistant Solicitor General*

OFFICE OF THE ATTORNEY
GENERAL
P.O. Box 12548 (MC 059)
Austin, TX 78711
(512) 936-1700
leif.olson@oag.texas.gov
joe.mazzara@oag.texas.gov

*Counsel for the State of Texas*

Dated:  May 11, 2023

## CERTIFICATE OF COMPLIANCE

1.     This motion complies with Fed. R. App. P. 27(d)(2) because it contains 3,885 words.

2.     This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6), as required by Fed. R. App. 27(d)(1)(E), because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point CenturyExpd BT font.

/s/ Michael R. Williams
Michael R. Williams